

SOKOLOFF
STERN LLP

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

MARK A. RADI
MRADI@SOKOLOFFSTERN.COM

September 22, 2021

Via ECF
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 10601

Re:  Meyer, et al. v. Green Vale Sch., et al.
Docket No. 21-cv-5180 (JMA) (ST)
File No. 210072

Your Honor:

I represent the defendants in this action and request a conference to discuss their anticipated motion to dismiss plaintiffs' complaint under Fed. R. Civ. P. 12(b)(1) and (6).

Plaintiff FM was a sixth-grade student at Green Vale School ("the School") from September 2020 through January 2021.  Green Vale is a private school.

Pursuant to the enrollment contract, plaintiffs unconditionally agreed to pay tuition for the entire school year and that no portion of tuition paid would be refunded in the event of dismissal from the School.  Plaintiffs further agreed the School had the discretion to dismiss a student for any reason.  The School Code of Conduct prohibits racial harassment, bullying, and cyberbullying through social media whether it occurs within our outside of school, and it provides that such major infractions may result in dismissal from the School.

Plaintiffs admit that, on December 8, 2020, FM sent Snap Chat messages to a female African American student stating, "Shut up or I'll kneel on ur [sic] neck like George Floyd . . . Yes I think that is funny grace [sic].  I'm racist."  FM blames his offensive and insensitive comments on his age and unspecified learning disabilities.

The student at whom the comment was directed gave the message to the School.  FM was ultimately expelled.  Head of School Dr. Dougherty then sent an email to the School community stating an unidentified student had been dismissed after using social media to make a racial threat to another student.  The email did not identify any students or provide details of the incident.

Plaintiffs claim unnamed School personnel threatened to tell other unidentified schools not to accept FM into their programs.  FM ultimately enrolled in another school.  His new school referred him to the CSE and § 504 Committee and classified him as a student with unspecified special needs.

SOKOLOFF STERN LLP

Hon. Joan M. Azrack
September 22, 2021
Page 2 of 4

Plaintiffs claim violations of the IDEA and § 504 and assert state law claims for breach of contract, invasion of privacy, tortious interference with contract, intentional and negligent infliction of emotional distress, and violations of DASA and the State constitution right to freedom of speech.  They failed to plausibly state any claim as a matter of law.

Plaintiffs' claim that defendants violated IDEA by failing to provide FM a free appropriate *public* education must be dismissed because the statute does not apply to private schools like Green Vale.  See St. Johnsbury Academy v. D.H., 240 F.3d 163, 171 (2d Cir. 2001); 20 U.S.C. §1400, *et seq.*; 34 C.F.R. § 300.1, *et seq.*  The Court also lacks jurisdiction over this action because plaintiffs do not allege they exhausted the IDEA's administrative procedure.  Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 748, 752 (2017).  This requirement applies, not only to the IDEA claim, but also to claims under § 504 and any other theory, related to the education and discipline of disabled children that seek relief that is also available under the IDEA.  Id.  Finally, plaintiffs seek only monetary relief, which IDEA does not provide.  Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 486 (2d Cir. 2002).

Plaintiffs failed to state a plausible discrimination claim under § 504 as they do not allege, *inter alia*, FM was excluded from any School program "solely by reason of his disability."  Harris v. Mills, 572 F.3d 66, 73-74 (2d Cir. 2009); 29 U.S.C. § 794(a).  Rather, their claim is based on the alleged IDEA violation, which cannot support a claim.  A.K v. Westhampton Beach Sch. Dist., 2019 WL 4736969, at *14 (E.D.N.Y. Sept. 27, 2019).

Plaintiffs' various state law claims also fail.  It is well-settled that New York does not recognize a cause of action for the common law tort of invasion of privacy, and plaintiffs do not allege appropriation of their names or likenesses for defendants' commercial use.  Electra v. 59 Murray Enters., Inc., 987 F.3d 233, 248 (2d Cir. 2021).  It is also now well-settled that DASA does not provide a private right of action.  C.T. v. Valley Stream Union Free Sch. Dist., 201 F. Supp. 3d 307, 326-27 (E.D.N.Y. 2016); Eskenazi-McGibney v. Connetquot Cent. Sch. Dist., 169 A.D.3d 8, 10-12 (2d Dep't 2018).  Additionally, it is firmly established that the State constitutional right to freedom of speech applies only to action by governmental authorities, not private schools.  SHAD Alliance v. Smith Haven Mall, 66 N.Y.2d 496, 502 (1985).

Plaintiffs have no plausible breach of contract claim as they do not allege defendants' breach.  Hampshire Props. v. BTA Bldg. & Dev., Inc., 122 A.D.3d 573, 573 (2d Dep't 2014).  Private schools have broad discretion over the discipline and expulsion of students.  Khaykin v. Adelphi Acad. Of Brooklyn, 124 A.D.3d 781, 782 (2d Dep't 2015).  Under the enrollment contract, plaintiffs agreed to pay full tuition, even in the event of dismissal, and that the School had sole discretion to dismiss students for disciplinary reasons.  The Code of Conduct prohibits racial harassment and bullying through the use of social media, and plaintiffs admit FM made a racially-charged threat of violence to another student.  Thus, defendants did not breach any agreement by dismissing FM from the School for sending the racist message in accordance with the enrollment contract and Code of Conduct.  To the extent plaintiffs' breach of contract/detrimental reliance claims are based on the alleged failure to properly educate FM, New York does not recognize such

SOKOLOFF STERN LLP

Hon. Joan M. Azrack
September 22, 2021
Page 3 of 4

claims for educational malpractice.  Hoffman v. Board of Educ., 49 N.Y.2d 121, 125-27 (1979); Paladino v. Adelphi Univ., 89 A.D.2d 85, 87 (2d Dep't 1982).

Plaintiffs also failed to plausibly allege tortious interference with contract as they do not allege the existence of a valid contract with a third party, defendants' knowledge of such contract, or defendants' intentional procurement of a breach.  Tri-Star Lighting Corp. v. Goldstein, 151 A.D.3d 1102, 1105 (2d Dep't 2017).  Their claim that unidentified school personnel threatened to tell other unnamed schools not to accept FM is insufficient.

Plaintiffs do not allege the extreme and outrageous conduct required to sustain a plausible claim for intentional infliction of emotional distress.  Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121 (1993).  They do not allege exposure to an unreasonable risk of bodily injury or death required to sustain a negligent infliction of emotional distress claim under the direct duty or bystander theories.  Mamakos v. United Airlines, Inc., 2020 WL 6324358, at *8 (E.D.N.Y. Sept. 22, 2020); Demosthene v. City of New York, 2018 WL 10072931, at *12-13 (E.D.N.Y. July 20, 2018).  These claims are also duplicative of plaintiffs' contract-based and other causes of action, and there is no right of recovery for mental distress resulting from breach of contract.  Truman v. Brown, 434 F. Supp. 3d 100, 119 (S.D.N.Y. 2020); Curtis-Shanley v. Bank of Am., 109 A.D.3d 634, 635-36 (2d Dep't 2013); Wolkstein v. Morgenstern, 275 A.D.2d 635 (1st Dep't 2000).

The individual defendants should be dismissed as there is no individual liability under the IDEA or § 504.  A.K., 2019 WL 4736969, at *13 n.12, *16.  Nor can an individual be liable for breach of contract where he is not a party to the contract and is acting as an agent of a disclosed principal.  Sargoy v. Wamboldt, 183 A.D.2d 763, 765 (2d Dep't 1992).  Plaintiffs also failed to plausibly allege the personal involvement of the individual defendants in any alleged violation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

Punitive damages are not available under the IDEA or § 504, or for breach of contract.  Barnes v. Gorman, 536 U.S. 181, 189 (2002); Polera, 288 F.3d at 486; Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976).  Moreover, plaintiffs failed to allege the high threshold for punitive damages under state law.  Marinaccio v. Town of Clarence, 20 N.Y.3d 506, 511 (2013).

Thank you for your consideration of this matter.

Very truly yours,

SOKOLOFF STERN LLP

MARK A. RADI

SOKOLOFF STERN LLP

Hon. Joan M. Azrack
September 22, 2021
Page 4 of 4

cc:

Esagoff Law Group, PC
917 Northern Blvd.
Great Neck, NY 11021